# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARL T. COLEMAN, SR., TRUDY ANN COLEMAN, & BLUE MOUNTAIN EXPRESS, INC. | : : : : | 09-cv-1186 |
| Plaintiffs, | : : | Hon. John E. Jones III |
| v. | : : | |
| SHEILA YOUNG & BARCLAY, INC., | : : : | |
| Defendants. | : | |

## MEMORANDUM & ORDER

## August 12, 2010

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Before the Court in this action scheduled for trial in September, 2010 is Defendants Sheila Young and Barclay, Inc.'s ("Defendants") Motion in Limine to preclude certain testimony of Plaintiffs Carl Coleman, Trudy Coleman, and Blue Mountain Express, Inc.'s ("Plaintiffs") vocational and economics expert, John S. Risser ("Risser") ("The Motion"). (Doc. 31). The Motion has been fully briefed by the parties and is ripe for disposition.

Defendants seek to preclude two discrete aspects of Risser's expert testimony. First, Defendants request that any and all economic data, conclusions,

and projections contained in Risser's report or testimony be precluded. Next, and in the alternative, should we allow Risser to testify as an economics expert, Defendants request that any testimony regarding future lost income related to Carl Coleman's inability to unload cargo be precluded as speculative. Lastly, Defendants request that any evidence regarding future economic loss or vocational inability beyond May 18, 2010 (the date Carl Coleman stopped working because of a recent back injury) be precluded as unrelated to the instant action. We will only finally dispose of Defendants' first and second requests, and we will defer the third and note that Defendants maintain the right to raise it at trial if medical records or testimony substantiating the conclusions in the report are lacking.

In support of the Motion, Defendants assert that Risser does not possess expertise or specialized knowledge in the area of economics sufficient to qualify him as an expert pursuant to Federal Rule of Evidence 702.[1] (Doc. 32 p. 4). Further, Defendants claim that Risser "employed no proper methods" of analysis and made "blanket statements" without economic basis in his expert report. (Doc. 32 p. 5). Indeed, Defendants accuse Risser of issuing conclusions based upon "unsupported intuitions, pure conjecture, and hypothesis." (Doc. 32 p. 6). Thus, Defendants maintain that Risser is unable to provide any assessment to a

---

[1] Defendants are not challenging Risser's qualifications as a vocational expert.

2

reasonable degree of economic certainty.

Plaintiffs respond that Risser does in fact possess the requisite skill, knowledge, experience, and training to qualify him as both a vocational and economic expert vis-a-vis the instant automobile accident. Plaintiffs highlight that Risser has owned and operated a Vocational and Consultant Services business for the past seven (7) years, and regularly provides professional services that include wage earning capacity analysis, earning power, and employability assessments. In response to a request from the Court, Plaintiffs filed a letter from Risser that informed the Court that since 1995 he has testified to both vocational and economic issues 106 times in official proceedings. (*See* Doc. 51). Plaintiffs maintain that Risser "painstakingly describes, not only his metodology and references in reaching the . . . conclusions, but also specifically details not only the Plaintiff's vocational history but also the applicable vocation of profile and relevant work life expectancy." (Doc. 36 p. 5).

The admissibility of expert testimony is governed by Federal Rule of Evidence 702. Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the

3

testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702. Thus, "[t]here are three intertwined bases for excluding testimony under Rule 702: (1) if the testimony will not assist the trier of fact; (2) if [scientific or technical] evidence is not sufficiently reliable; and (3) if the particular expert does not have sufficient specialized knowledge to assist the jurors." As Plaintiffs note, a party must make more than a prima facie showing that the offered expert's methodology is reliable, but that "the evidentiary requirement of reliability is lower than the standard of correctness." (Doc. 36 p. 4 (citing *In re Paoli Railroad Yard PCB Litigation*, 35 F.3d 717, 744 (3d Cir. 1994))).

We find no basis to exclude Risser's testimony regarding Carl Coleman's economic losses. We have reviewed the expert report and Risser's curriculum vitae and find that his methodology, conclusions, and specialized training and experience (including having testified many times as an economics expert) are sufficiently reliable to allow his testimony on economic issues. We note that Defendants' contentions regarding his expert qualifications are best addressed in his cross-examination, during which they may question his methodology, knowledge, experience, or other relevant aspects. We will accordingly will allow

Risser's expert testimony on the issue of economic damages. Further, we will allow testimony regarding Carl Coleman's wage loss due to his alleged inability to unload cargo.[2]

In summary, because we find Risser's expert testimony to be sufficiently reliable, we will deny the Motion in that respect and allow Risser to testify as an expert regarding Plaintiffs' economic damages. Further, we will deny the Motion to the extent that it requests that we preclude evidence of economic loss attributable to Carl Coleman's alleged inability to unload cargo. As previously mentioned, we shall defer ruling on Plaintiffs' final contention regarding Carl Coleman's back injury, as we lack sufficient information to resolve the issue at this juncture. Defendants are free to revisit that issue at trial in the event any perceived deficiencies in the Plaintiffs' case compel them to do so.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. Defendants' Motion in Limine (Doc. 31) is **DENIED**.

John E. Jones III
United States District Judge

---

[2] This ruling assumes that the proper factual predicate for the opinion – that Carl Coleman is unable to load cargo – has been established by the time Risser testifies.

5